J-S50036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT YOUNG, | |
| Appellant | No. 427 WDA 2014 |

Appeal from the PCRA Order entered February 28, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0004113-2010
& CP-02-CR-0004115-2010.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED AUGUST 11, 2014**

Robert Young ("Appellant") appeals *pro se* from the order denying his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On January 13, 2011, Appellant pled guilty to drug charges at two different dockets.  Subsequently, the trial court sentenced him to an aggregate term of 18 months intermediate punishment, under the terms and conditions of the Allegheny County Drug Court Program, followed by 12 months of probation.  Thereafter, Appellant violated his probation and was revoked from the Drug Court Program.  On February 27, 2012, the trial court resentenced Appellant to an aggregate term of 54 to 108 months of

incarceration. Appellant filed neither post-sentence motions nor an appeal to this Court.

Appellant filed a timely *pro se* PCRA petition on August 10, 2012, and the PCRA court appointed counsel. On April 4, 2013, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 13, 2013, the PCRA court filed Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing, and granted PCRA counsel's motion to withdraw. Appellant did not file a response. By order entered July 1, 2013, the PCRA court denied Appellant's first PCRA petition. Although properly advised of his right to do so, Appellant did not file an appeal to this Court.

On August 29, 2013, Appellant filed a second *pro se* PCRA petition. On January 27, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's second PCRA petition as untimely filed. Once again, Appellant did not file a response. By order entered February 28, 2014, the PCRA court dismissed Appellant's second PCRA petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is

supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001). Because this is Appellant's second petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id.***

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that his petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation

omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a direct appeal to this Court following the imposition of his sentence, his judgment of sentence became final on March 28, 2012, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his second petition by March 28, 2013, in order for it to be timely. As Appellant filed the instant motion on August 29, 2013, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's substantive issues raised in his latest filing. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

- 5 -